UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JAMES MCDONALD,<br>      Plaintiff,<br><br>      v.<br><br>KILOLO KIJAKAZI, Acting Commissioner<br>of the Social Security Administration,<br>      Defendant. | )<br>)<br>)<br>)   CAUSE NO.: 2:21-CV-276-JEM<br>)<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1] filed by Plaintiff James McDonald on September 8, 2021, and Plaintiff's Brief [DE 12], filed on January 24, 2022. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On April 12, 2022, the Commissioner filed a response, and Plaintiff filed a reply on May 3, 2022. For the following reasons, the Court remands the Commissioner's decision.

**I.    Background**

On August 12, 2019, Plaintiff filed an application for benefits alleging that he became disabled on August 8, 2019. Plaintiff's application was denied initially and upon reconsideration. On January 26, 2021, Administrative Law Judge ("ALJ") Robert Long held a telephonic hearing at which Plaintiff, with an attorney, and a vocational expert ("VE") testified. On February 10, 2021, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1.    The claimant met the insured status requirements of the Social Security Act through September 30, 2021.

2.    The claimant has not engaged in substantial gainful activity since August 8, 2019, the amended alleged onset date.

1

3. The claimant has the following severe impairments: paroxysmal atrial fibrillation; alcohol induced polyneuropathy; and acute respiratory failure.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. The claimant has the residual functional capacity to perform sedentary work except he can lift/carry and/or push/pull up to 10 pounds and lesser weights occasionally. The claimant can stand/walk for two hours of an eight-hour workday. The claimant can sit for 6 hours of an eight-hour workday. The claimant can occasionally climb ramps and stairs, but never climb ladders, ropes or scaffolds. He can occasionally balance, stoop, kneel, crouch and crawl, but should avoid concentrated exposure to vibration.

6. The claimant capable of performing past relevant work as an assigner. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity.

7. The claimant has not been under a disability, as defined in the Social Security Act, from August 8, 2019, through the date of this decision.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. [DE 16]. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II.     Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence, or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial

evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2014). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must

provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

### III. Analysis

Plaintiff argues that the ALJ erred in weighing the physician reports in the record, in analyzing Plaintiff's subjective symptoms, and in crafting a residual functional capacity (RFC) assessment that is not supported by substantial evidence. The Commissioner argues that the opinion is supported by substantial evidence.

The RFC is an assessment of what work-related activities the claimant can perform despite her limitations. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004); *see also* 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1). In evaluating a claimant's RFC, an ALJ is expected to take into consideration all of the relevant evidence, both medical and non-medical. *See* 20 C.F.R. §§ 404.1545(a)(3); 416.945(a)(3). "When determining residual functional capacity, the ALJ 'must evaluate all limitations that arise from medically determinable impairments, even those that are not severe, and may not dismiss a line of evidence contrary to the ruling.'" *Stage v. Colvin*, 812 F.3d 1121, 1125 (7th Cir. 2016) (quoting *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir.2009)).

Plaintiff argues that the ALJ did not adequately account for all of Plaintiff's limitations in the RFC. For example, the ALJ noted that Plaintiff reported that he used a cane but did not include any use of an ambulative device or any restriction on mobility in the RFC because "no such use [of a cane], or a prescription for such, is mentioned in any of his treating source records. Further, the use of an assistive device was found to be not medically necessary." AR 15. The ALJ went on to explain that there are reports of normal ambulation in the record and that Plaintiff stated that his

gait has improved. It is not clear from the opinion how the ALJ reached his conclusion that the cane was not needed, since he does not cite to any medical source stating that Plaintiff did not need a cane, and the medical records contains many reports of Plaintiff's unsteadiness, fall risk, and difficulty balancing. Despite the ALJ's assessment that no use of a cane was mentioned in the treating source records, they actually do report that Plaintiff used a cane for ambulation. *See, e.g.,* AR 828. Furthermore, there is no requirement for a prescription for a cane at all, as no prescription is required to acquire -- or benefit from -- a cane. *See Parker v. Astrue*, 597 F.3d 920, 922 (7th Cir. 2010) ("Absurdly, the administrative law judge thought it suspicious that the plaintiff uses a cane, when no physician had prescribed a cane. A cane does not require a prescription."). Although Plaintiff may not need to use an assistive device at all times, the ALJ completely disregarded his use of a cane, ignored the medical records that showed cane use, and did not include even occasional use of an assistive device in the RFC, raising concerns that he either completely missed or disregarded medical evidence in the record that did not support his conclusion. *See Denton v. Astrue*, 596 F.3d 419, 426 (7th Cir. 2010) ("An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding.").

The failure to address all of Plaintiff's physical limitations in the RFC is particularly harmful in this case because Plaintiff was found to be able to perform his past work. Plaintiff argues that the ALJ erred in finding that he was able to do his past relevant work because not only did the RFC ignore Plaintiff's need to use an ambulatory device, but, as Plaintiff testified, he had difficulties with frequent reaching and handling in his past job. AR 49-51. In making the step four finding, the ALJ may rely on the testimony of a vocational expert regarding "the physical and mental demands

5

of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy." 20 C.F.R. §§ 404.1560(b), 416.920(b). The "vocational expert or specialist may offer expert opinion testimony in response to a hypothetical question about whether a person with the physical and mental limitations imposed by the claimant's medical impairment(s) can meet the demands of the claimant's previous work, either as the claimant actually performed it or as generally performed in the national economy." 20 C.F.R. §§ 404.1560(b), 416.920(b). The Seventh Circuit Court of Appeals has held that "an ALJ cannot describe a claimant's job in a generic way – [such as] 'sedentary – and conclude, on the basis of the claimant's residual capacity, that she can return to her previous work." *Nolen v. Sullivan*, 939 F.2d 516, 518-19 (7th Cir. 1991) (citing *Strittmatter v. Schweiker*, 729 F.2d 507 (7th Cir. 1984)). Rather, "the ALJ must list the specific physical requirements of the previous job and assess, in light of the available evidence, the claimant's ability to perform these tasks." *Id*. (citing *Strittmatter*, 729 F.2d at 509; SSR 82-62 (1982)).

In this case, the VE opined that Plaintiff's past work as an assigner or service dispatcher had an exertion level of sedentary both as defined and as performed by Plaintiff, was semi-skilled, and had no transferable skills. AR 53-54. "When an ALJ poses a hypothetical question to a vocational expert, the question must include all limitations supported by medical evidence in the record." *Stewart v. Astrue*, 561 F.3d 679, 684 (7th Cir. 2009); *see also Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014); *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004). In this case the ALJ asked two hypotheticals, neither of which included any ambulatory limitations, and in answer to the hypothetical of someone who could only finger occasionally, the VE testified that they would not be able to do Plaintiff's past work. Plaintiff argues that he would not be able to stand or walk at

6

least 2 hours of an 8 hour workday nor would he be able to frequently use his arms reaching and handling to perform work-related tasks.

The analysis is particularly concerning in this case, because if Plaintiff, who is limited to less than the full range of sedentary work and has a high school education, could not perform his past relevant work, he would have been considered disabled as of his 55th birthday. *See* 20 C.F.R. 404, Subpart P, Appendix 2, Rule 201.06; *Martin v. Saul*, 950 F.3d 369, 376-77 (7th Cir. 2020) ("Age: Martin falls into the 'advanced age' category because she is over 55. Education: Martin graduated from high school and cannot perform skilled work because her RFC limits her to unskilled work. Previous Work Experience: The vocational expert considered Martin's past work to be semi-skilled. The agency's regulations state that those skills are not transferable to unskilled work. The Grids direct a finding of disabled because Martin, as a result of her severe physical conditions, is limited to either light or sedentary work.") (citing 20 C.F.R. §§ 404.1563(e); 404.1568(a)-(c), (d); 20 C.F.R. Part 404, Subpart P, Appendix 2, §§ 201.06, 202.06).

This case is being remanded for a new RFC that fully incorporates all of Plaintiff's limitations, alone and in combination, or adequately explains why the claimed impairments are not included, and thoroughly include all limitations in the hypothetical questions addressed to the VE.

Although Plaintiff requests reversal with remand for an award of benefits, an award of benefits is appropriate only if all factual issues have been resolved and the records supports a finding of disability. *Briscoe*, 425 F.3d at 356. Given the ALJ's error in analyzing the Plaintiff's work-related abilities, the factual issues have not been resolved, and remand for benefits is not appropriate here. *Campbell v. Shalala*, 988 F.2d 741, 744 (7th Cir. 1993) ("the record is not so clear that we can award or deny benefits on appeal").

## IV. Conclusion

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's Brief [DE 12] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 17th day of August, 2022.

>  s/ John E. Martin
>  MAGISTRATE JUDGE JOHN E. MARTIN
>  UNITED STATES DISTRICT COURT

cc:   All counsel of record